UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-1892 MRW | Date | May 20, 2020 |
| Title | Oken v. FCA US LLC | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

Proceedings:    ORDER REMANDING CIVIL ACTION

## SUMMARY OF DECISION

1.    This is a civil action under California's Song-Beverly Act. Plaintiffs seek to recover from an auto manufacturer under the state's lemon law statute and other common law and statutory causes of action. Plaintiffs' complaint also alleges that a local car dealer committed the tort of "negligent repair." (Docket # 3 at 20.)

2.    Plaintiffs filed the complaint against the manufacturer and dealer in state court. The defense removed the action to federal court, asserting that this Court possessed diversity of citizenship jurisdiction over the case. (Docket #1.) Plaintiffs subsequently moved to remand the action. (Docket # 9.) They claim that this Court does not have jurisdiction because, inter alia, there is not complete diversity between the California plaintiffs and the local California car dealership.

3.    The overwhelming majority of federal district courts up and down the state agree that naming a local dealer like this is sufficient to eliminate diversity jurisdiction. The reasoning of those cases is persuasive. The remand motion is granted; Plaintiffs' case will be returned to the (COVID-closed) state superior court for further proceedings.[1]

## RELEVANT LAW

4.    Pursuant to 28 U.S.C. § 1332, a district court has jurisdiction over a civil action where the matter in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. A civil action brought in state court may be removed to a

---

[1] The parties timely consented to magistrate judge jurisdiction in the action. (Docket # 12-14.) The Court exercises its discretion to "dispense with oral argument" on the remand motion. L.R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-1892 MRW | Date | May 20, 2020 |
|---|---|---|---|
| Title | Oken v. FCA US LLC | | |

federal district court where such an action could have originally been brought. 28 U.S.C. § 1441.

    5.    "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted). There is a "strong presumption against removal jurisdiction"; a court must remand an action "if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and internal quotation omitted).

    6.    A well-established exception to the requirement of complete diversity is "where a non-diverse defendant has been 'fraudulently joined.'" Hunter v. Phillip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotation omitted). Fraudulent joinder occurs if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Morris, 236 F.3d at 1067. If a party has been fraudulently joined, the court may ignore the presence of the "sham party" for the purpose of determining the existence of diversity. Hunter, 582 F.3d at 1043.

    7.    Deciding whether a defendant is fraudulently joined requires a court to "walk a very fine line: it must consider the merits of a matter without assuming jurisdiction over it." Davis v. Prentiss Props. Ltd., 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999). There is a "general presumption against fraudulent joinder" in addition to "the strong presumption against removal jurisdiction." Hunter, 582 F.3d at 1046.

    8.    Moreover, because doubts weigh against removal, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." Gomez v. Mirada Hills Rehabilitation, No. CV 15-8877 MWF (JEM), 2016 WL 370692 at * 2 (C.D. Cal. 2016) (citations omitted). A court may remand an action even if a cause of action might not survive a dismissal motion unless the plaintiff is unable to cure the complaint's defects by further amendment. Johnson v. Wells Fargo & Co., No. CV 14-6708 MMM (JCx), 2014 WL 6475128 at *8 (C.D. Cal. 2014).

\* \* \*

    9.    When California consumers pursue Song-Beverly Act claims against out-of-state auto manufacturers, they often include a "thin" claim of negligent repair against a local dealership to defeat federal jurisdiction. Barnett v. FCA US LLC, No. CV 20-3180 ODW (ASx), 2020 WL 2521221 at *2-3 (C.D. Cal. 2020). There is a "growing body of case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-1892 MRW | Date | May 20, 2020 |
|---|---|---|---|
| Title | Oken v. FCA US LLC | | |

law recognizing that local dealerships can be liable to plaintiffs who assert negligent repair claims" against them. Valenciano v. FCA US LLC, No. CV 20-3197 CJC (ASx), 2020 WL 1699552 at *3 (C.D. Cal. 2020) (collecting cases). Joinder of warranty claims against the manufacturer with negligence claims against the dealer "is typically necessary because trying the case in separate actions could lead to inconsistent findings" regarding the vehicle and its repairs. Bunn v. Ford Motor Co., 2020 WL 991529 at *4 (N.D. Cal. 2020) (quotation omitted).

10.  For these reasons, federal courts regularly remand such cases to state court – and conclude that there was no sham or fraudulent joinder of the local dealership. See, e.g., Lopez v. Ford Motor Co., No. CV 19-1165 GW (FFMx), 2019 WL 2023725 at 3 (C.D. Cal. 2019) (defense arguments about "economic loss rule" and sham joinder unpersuasive to establish federal jurisdiction); Martinez v. FCA US LLC, No. CV 19-8097 SVW (Ex), 2020 WL 223608 at *2 (C.D. Cal. 2020) (permitting joinder of local entity; "the Dealership is clearly closely related to FCA as the seller of the vehicle" for breach of warranty claims); Tanner v. Ford Motor Co., 424 F. Supp. 3d 666 (N.D. Cal. 2019).

**ANALYSIS**

11.  The complaint, notice of removal, and a fair reading of the parties additional submissions establish that Plaintiffs and the Santa Monica-based dealership where they serviced the vehicles are all California residents. There's no real dispute: as pled, the complaint does not allege complete diversity of citizenship of the parties. (Docket # 9-1 at 5; # 15 at 17.) On that basis, this Court does not have jurisdiction over the action and must remand.[2] 28 U.S.C. § 1332; Marin Gen. Hosp., 581 F.3d at 944; Geographic Expeditions, 599 F.3d at 1107.

12.  Not a lot of ink needs to be spilled regarding FCA's contentions of sham joinder. There's obviously some gamesmanship going on so that Plaintiffs can keep their state law case in state court. But that gamesmanship (the thin claim against the local defendant is clearly the tail of the litigation dog) does not equate to fraud. Rather, it's a

---

[2]  The complaint does adequately allege the jurisdictional amount in controversy. The complaint pleads damages "not less than $25,001.00" plus the right to a double civil penalty and lawyers' fees. (Docket # 3 at 14-15.) That easily gets over the $75,000 threshold. Gonzalez v. FCA US LLC, No. ED CV 19-967 PSG (RAOx), 2020 WL 1444941 at *3 (C.D. Cal. 2020) ("The amount in controversy for diversity jurisdiction may include punitive damages" such as SBA civil penalties "if recoverable under state law.") (quotation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-1892 MRW | Date | May 20, 2020 |
|---|---|---|---|
| Title | Oken v. FCA US LLC | | |

legitimate strategic choice that Plaintiffs – as masters of their pleading – may lawfully pursue.

      13.    For the reasons compiled at length in Judge Carney's order in Valenciano and Judge Wright in Barnett, the "negligent repair" cause of action is a legitimate claim sufficient to defeat diversity. Chrysler's observations about the lack of facts pled in the form complaint (Docket # 15 at 20-21) may properly be presented to the superior court in a demurrer.[3] Johnson, 2014 WL 6475128 at *8. The Court declines to sever or ignore the non-diverse local dealership in this action.

### CONCLUSION

      14.    The motion to remand the action is GRANTED. The Clerk is directed to transmit the case back to the superior court for further proceedings.

---

[3] The Court is unconvinced that Judge Birotte's thoughtful observations about the specific allegations and joinder in the Ford transmission class action (Docket # 15-1 at 4 (order denying remand)) have any application to the faulty repair claims in the present SBA action.